UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA HENRY,

        Plaintiff,

v.                                      Case No: 6:13-cv-807-Orl-28KRS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____

## ORDER

This case is before the Court on the Motion to Remand (Doc. 11) filed by Plaintiff, Cynthia Henry. Having considered the motion and the response (Doc. 15) filed by Defendant, State Farm Mutual Automobile Insurance Company, the Court **GRANTS** the motion to remand.

### I. Background

On July 28, 2011, Henry and another Plaintiff filed suit against State Farm and two other Defendants in state court and served State Farm on August 9, 2011. Both Plaintiffs dropped State Farm from the action on December 1, 2011. Henry alone then renamed State Farm as a defendant in an amended complaint for uninsured/underinsured motorist benefits on December 4, 2012, and State Farm was served on April 26, 2013. State Farm filed a Notice of Removal on May 20, 2013. (Doc. 1). Henry then filed a Motion for Remand to State Court (Doc. 11) on June 14, 2013.

### II. Amount in Controversy

This Court has jurisdiction over diverse parties if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §

1332(a). In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).

Henry did not plead a specific amount of damages in this case, so State Farm bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. Henry argues that State Farm has failed to meet its burden of showing that the amount in controversy exceeds $75,000 because "State Farm admits in its notice of removal that at most, $75,000 of uninsured/underinsured motorist benefits are available in this matter." (Doc. 11 at 3-4).

State Farm responds that the value of the underlying policy does not determine the amount in controversy and that Henry has alleged damages exceeding $75,000. Although State Farm cites several cases in support of this proposition, State Farm fails to note that it does not apply if "the value of the claim exceeds the value of the policy." Kelly v. Gen. Star Nat'l Indem. Co., No. 8:07-cv-1143-JDW-TGW, 2007 WL 3034654, at *2 (M.D. Fla. Oct. 16, 2007). As other courts have noted, insurance policies limiting liability can be definitive in determining the amount in controversy when the policy limits are less than the claim. See Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir. 1997) ("[The insurer's] maximum liability . . . is relevant to determining the amount in controversy only if the validity of the entire insurance policy is at issue, or if the value of the underlying tort claims exceeds the liability ceiling."); Payne v. State Farm Mut. Auto. Ins. Co., 266 F.2d 63, 64 (5th Cir. 1959) ("If there is one situation

where the amount of a claim can be determined with legal certainty, it is in a case when a claim is asserted on an insurance policy limiting liability."); N.H. Indem. Co. v. Scott, No. 8:11-cv-943-T-23MAP, 2012 WL 6537098, at *2 (M.D. Fla. Dec. 14, 2012) ("The amount of damages sought in the underlying action is relevant only up to the amount for which the insurer must indemnify the insured. Thus, if the value of the underlying claim exceeds the insurer's potential liability under the policy, the amount in controversy in the declaratory judgment action is the insurer's potential liability under the policy—the policy limit."); see also 14AA Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3710 (4th ed. 2011) ("[I]f the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied.").

Here, State Farm does not argue that Henry's policy covers more than $75,000 or that State Farm is otherwise potentially liable for an amount beyond $75,000. Instead, State Farm contends only that Henry claims damages that are valued at more than $75,000.  Though Henry might be claiming more than $75,000 in damages, her damages against State Farm will be limited by the coverage under the policy.  The amount in controversy is capped by the policy limits and does not meet the threshold for removal to federal court based on diversity jurisdiction.

## III. Conclusion

Because State Farm has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, it has not met its burden as the removing party to establish a basis for this Court's subject matter jurisdiction in this case.[1]

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Remand to State Court (Doc. 11) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No. 05-2011-CA-033645, *Cynthia Henry v. State Farm Mutual Automobile Insurance Company*.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Clerk of the Circuit Court, Eighteenth Judicial Circuit in and for Brevard County, Florida

---

[1] This determination is dispositive of Henry's motion, and the Court need not address Henry's other arguments for remand.